**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

vs.

MIDWEST FREIGHT SYSTEMS
CORPORATION,

    Defendant.
_____/

COMPLAINT
AND JURY DEMAND

## NATURE OF THE ACTION

Plaintiff, the United States Equal Employment Opportunity Commission ("Plaintiff" or "the Commission"), brings this action to compel Defendant, Midwest Freight Systems Corporation ("Defendant Employer"), to comply with a Mediation Settlement Agreement reached between the Commission, Defendant Employer, and the Charging Party Max Doggett Sr., and to provide appropriate relief to Mr. Doggett.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court, Eastern District of Michigan, Southern Division.

### **PARTIES**

3. Plaintiff, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3). Plaintiff is also the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Employer has continuously been doing business in the state of Michigan and the city of Warren, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty (30) days prior to the institution of this lawsuit, Doggett filed two charges with the Commission alleging violations of Title VII and the ADEA by Defendant Employer.

7.  After receipt of both of Doggett's charges, Defendant Employer voluntarily accepted the Commission's offer to mediate the allegations of the charges pursuant to the Commission's Alternative Dispute Resolution program. On May 10, 2016, a mediation conference was held at the Commission's Detroit Field Office. Doggett and two representatives of Defendant Employer attended the mediation.

8.  As a result of the mediation, the Commission, Defendant Employer and Max Doggett entered into a Mediation Settlement Agreement dated May 10, 2016. A true and correct copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

9.  Paragraph 5 of the Mediation Settlement Agreement states, "This document constitutes a final and complete statement of the agreement between the Charging Party, the Respondent and the EEOC." Paragraph 7(a) of the Mediation Settlement Agreement states that Defendant Employer agrees to pay Doggett seven thousand five hundred dollars ($7,500.00). Defendant Employer's agreement to pay $7,500.00 was in return for resolution of both charges.

10. Defendant Employer has failed to pay any amount of the $7,500.00

settlement to Doggett.

11.   Paragraph 6 of the Mediation Settlement Agreement provides that the Mediation Settlement Agreement may be specifically enforced in court by the Commission and the document itself "may be used as evidence in subsequent proceedings in which a breach of this agreement is alleged."

12.   On May 11, 2016, Defendant Employer informed the Commission that it would not honor the terms of the Mediation Settlement Agreement and considered the agreement to be null and void.

13.   Defendant Employer's failure to abide by the terms of the Mediation Agreement constitutes a breach of the agreement.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   ORDER Defendant Employer to comply with the Mediation Settlement Agreement entered into by the Commission, Defendant Employer and Doggett on May 10, 2016, by paying Doggett seven thousand five hundred dollars ($7,500.00) in monetary relief to resolve the charges he filed.

B.   GRANT such further relief as the Court deems necessary and proper in the public interest.

C.   AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                    EQUAL EMPLOYMENT OPPORTUNITY
                    COMMISSION

                    Respectfully submitted,

                    <u>s/Omar Weaver</u>
                    OMAR WEAVER (P58861)
                    Senior Trial Attorney
                    DETROIT FIELD OFFICE
                    Patrick V. McNamara
                    477 Michigan Avenue, Room 865
                    Detroit, Michigan 48226
                    omar.weaver@eeoc.gov
                    (313) 226-3407

Dated: August 25, 2016